zero tolerance policy for patient abuse and the notice to employees of the definition of patient abuse and the possible penalty of removal. Thus, the penalty of removal of Ms. Taylor for patient abuse was consistent with the possible range of penalties for the offense, given the facts of this case.

### III.

Because we agree with final decision of the Board that the *Douglas* factors were properly weighed, in particular the nature and seriousness of the offense of patient abuse, we *affirm*.

When a case is settled, it is the usual course to dismiss the appeal as moot due to settlement, not to enter judgment in the agreed amount.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to vacate the March 9 dismissal order and recall the mandate is granted.

(2) The motion to enter judgment in a certain amount is denied. Absent objection received within 21 days of the date of filing of this order, this appeal will be dismissed as moot due to settlement.

**HANSEN BANCORP, INC., Elmer F. Hansen, Jr., and G. Eileen Hansen, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2006–5011.

United States Court of Appeals, Federal Circuit.

March 20, 2006.

### ORDER

The United States moves without opposition to vacate the court's March 9, 2006 procedural dismissal order, recall the mandate, and enter judgment in a certain amount due to settlement.

**MICROSTRATEGY INCORPORATED, Plaintiff–Appellant,**

v.

**BUSINESS OBJECTS, S.A. and Business Objects America, Inc., Defendants–Cross Appellants.**

No. 2005–1180, 2005–1181.

United States Court of Appeals, Federal Circuit.

March 20, 2006.

Before MICHEL, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

LOURIE, Circuit Judge.

### ORDER

The parties respond how they believe these appeals should proceed. MicroStrate-